UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN VERGARA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 8:25-cv-3097-MSS-AAS

Crim. Case No. 8:22-cr-293-MSS-AAS

# O R D E R

Vergara filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 challenging his conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. 1 and Crim. Doc. 129) The Court reviews the motion for sufficiency. Rule 4(b), Rules Governing Section 2255 Proceedings.

**Timeliness**

A one-year statute of limitation applies to a Section 2255 motion. 28 U.S.C. § 2255(f). The limitation starts "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). On September 6, 2023, the judgment entered in Vergara's criminal case. (Crim. Doc. 129) Because Vergara did not appeal, the judgment became final fourteen days later, when the time to appeal expired — September 20, 2023. Fed. R. App. P. 4(b)(1)(A)(i). The limitation started to run the next day. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). The limitation

ran and expired on September 21, 2024. On November 3, 2025, Vergara placed in the hands of prison officials for mailing the Section 2255 motion. (Doc. 1 at 5) Consequently, the Section 2255 motion is untimely.

**Ground One**

Vergara asserts that trial counsel deficiently performed by not moving for a reduction in his sentence under Amendment 821, which amended Section 4C1.1, United States Sentencing Guidelines. (Doc. 1 at 3)

On November 1, 2023, Part B of Amendment 821 amended Section 4C1.1(a), by authorizing a two-level downward adjustment if the defendant meets criteria enumerated in the subsection. Two months earlier, on September 6, 2023, Vergara's sentencing occurred. (Crim. Doc. 129) Because Amendment 821 was not effective at the time of Vergara's sentencing and because a district judge evaluates trial counsel's performance from his perspective at the time of the conduct, trial counsel did not deficiently perform. *Strickland*, 466 U.S. at 689.

Also, Vergara filed a motion to reduce his sentence under Amendment 821 (Crim. Docs. 133, 135, and 144), and the Court denied the motion as follows (Crim. Doc. 148 at 1):

> The Court need not determine whether Defendant meets these criteria because a reduction of his sentence would be inconsistent with the applicable policy statements for Amendment 821. Retroactive application of the Amendment would lower Defendant's applicable guideline range to 135 to 168 months; however, Defendant already received a sentence that was equal to or less than the minimum of the amended guideline range as adjusted by a comparable substantial assistance departure, if applicable.

2

> At the time of sentencing, Defendant's applicable guideline range was 168 to 210 months, but Defendant was sentenced to a term of 78 months.
>
> Pursuant to U.S.S.G. §1B1.10(b)(2)(A), except as provided in U.S.S.G. §1B1.10(b)(2)(B), the Court shall not reduce Defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and §1B1.10 to a term that is less than the minimum of the amended guideline range. Hence, Defendant is not eligible for an additional reduction.

Because a motion to reduce Vergara's sentence would not have succeeded, trial counsel did not deficiently perform. *Pinkney v. Sec'y, Dep't Corrs.*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief.").

Ground One is **DENIED**.

**Ground Two**

Vergara asserts that trial counsel deficiently performed by not moving to dismiss the indictment based on the racial composition of the grand jury. (Doc. 1 at 2–3)

"'The Sixth Amendment guarantees a criminal defendant the right to be indicted and tried by juries drawn from a fair cross-section of the community.'" *United States v. Clarke*, 562 F.3d 1158, 1163 (11th Cir. 2009) (quoting *United States v. Grisham*, 63 F.3d 1074, 1078 (11th Cir. 1995)). "A defendant establishes a *prima facie* violation of the fair-cross-section requirement by showing that: (1) the allegedly excluded group is a 'distinctive group in the community'; (2) the representation of this group in the venire from which the jury was selected was not 'fair and reasonable in relation to the number of such persons in the community'; and (3) the under-representation was due

3

to 'systematic exclusion of the group in the jury-selection process.'" *Clarke*, 562 F.3d at 1163 (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)).

Vergara contends that "[trial counsel] did not take [Vergara's] commands to challenge the [ethnic] makeup [of] the grand jury to see if any Spanish or Black people sit on the grand jury." (Doc. 1 at 2) Because Vergara speculates that a distinctive group of the community was systematically excluded from the grand jury selection process, his claim is meritless. *United States v. Kennedy*, 557 F. Supp. 2d 1311, 1317 (M.D. Fla. 2008) ("Defendant's bald assertion that certain distinctive groups in the Gainesville Division are underrepresented does nothing to prove that counsel was ineffective in failing to challenge either the grand jury or petit venire, as he has offered no proof, as opposed to speculation . . . .").

Also, even if a motion to dismiss the indictment based on the racial composition of the grand jury would have succeeded, the Court would have dismissed the indictment without prejudice. If the Court dismissed the indictment without prejudice, the United States could obtain a new indictment from a new grand jury correctly drawn from a fair cross-section of the community.[1] *United States v. Blair*, 25 F. Supp. 2d 781, 783 (E.D. Mich. 1998) ("Blair did timely object to the selection of the grand jury and sought dismissal based on the defects in the grand jury selection. . . . [T]he

---

[1] The indictment, which was filed on August 17, 2022, alleged that Vergara committed the drug offenses on July 31, 2022. (Doc. 1 at 1) A five-year statute of limitation applies to a non-capital federal crime. 18 U.S.C. § 3282(a). The filing of the indictment tolls the limitation, and tolling extends to six months after dismissal of an indictment without prejudice. 18 U.S.C. § 3288.

fact that there was a 'defect' in the original indictment, which was dismissed without prejudice, does not preclude the government from seeking and obtaining a superseding indictment."). *See also United States v. Slough*, 679 F. Supp. 2d 55, 61 (D.D.C. 2010) ("[D]ismissal without prejudice is ordinarily the appropriate remedy for prejudicial prosecutorial misconduct during grand jury proceedings.").

Vergara faced a life sentence for the drug offenses charged in the indictment. 21 U.S.C. § 960(b)(1)(B). The factual basis for Vergara's plea demonstrates that a team with the United States Coast Guard discovered Vergara and two other males on a low-profile vessel in international waters near the coast of Colombia. (Doc. 93 at 13) On the vessel, coast guardsmen discovered sixty-five bales of cocaine that weighed 1,289 kilograms. (Doc. 93 at 14) Consequently, Vergara cannot demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). *Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015) ("'[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'") (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

Ground Two is **DENIED**.

Accordingly, Vergara's Section 2255 motion (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to enter a judgment against Vergara, **DOCKET** a copy of this Order in the criminal action, and **CLOSE** this case.

## DENIAL OF A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Vergara neither makes a substantial showing of the denial of a constitutional right nor shows that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on November 21, 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE